IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ALEXANDER A. CHRISTOPHER** | * | **CIVIL ACTION NO. 06-0573** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is Alexander Christopher's ("Christopher") *pro se* Petition for Writ of *Habeas Corpus* (28 U.S.C. § 2241) (Doc. No. 1) filed on April 3, 2006. When he filed his petition, Christopher was in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/BICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana. For reasons stated below, it is recommended that Christopher's petition be **DISMISSED WITH PREJUDICE** as **MOOT**.

## STATEMENT OF THE CASE

Petitioner's claim is limited to a challenge to his continued detention. Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), petitioner argued that his continued detention was in violation of his constitutional rights. Based upon this allegation, the government was served and on May 19, 2006, filed a response advising the court that petitioner had been removed from the United States and returned to Bermuda. (Doc. No. 11).

## LAW AND ANALYSIS

The undisputed evidence before the court establishes beyond any doubt that the petitioner is no longer in custody and that he has been removed from the United States. Further, the record before the court establishes that the petitioner has demanded only his immediate release through these proceedings. Therefore, in light of his removal, the court concludes that petitioner's *habeas* challenge to post-removal-order detention is now moot and should be dismissed.

Therefore, **IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be

**DENIED** and **DISMISSED WITH PREJUDICE** AS **MOOT**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE